OPINION
{¶ 1} This is an appeal from the trial court's decision affirming the order of the State of Ohio, Department of Insurance, denying Appellant a license to sell insurance for a three year period.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On July 6, 2001, Appellant Aaron Piatko, desiring to sell insurance in Ohio, submitted a "Uniform Production Application" and submitted to a criminal background check to the State of Ohio in accordance with R.C. 3905.49.
 {¶ 3} The application contains an inquiry as to whether the applicant has ever been convicted of a crime, defining crime to include both felonies and misdemeanors.
 {¶ 4} Appellant answered this question in the negative.
 {¶ 5} On or about September 14, 2001, Appellant received a Notice of Opportunity for Hearing from the State denying his application on the basis that he failed to disclose a 1997 conviction for disorderly conduct, a misdemeanor of the fourth degree, in violation of R.C, 2917.11. (The notice mistakenly stated that such violation was a misdemeanor of the first degree.)
 {¶ 6} Appellant appealed such denial. A hearing on such denial was held before a Hearing Officer in Columbus, Ohio, wherein evidence and testimony was presented.
 {¶ 7} On November 6, 2001, the Hearing Officer rendered his decision recommending that the State not permit Appellant to obtain an insurance agent license in the State of Ohio for three years, that Appellant pay $1,500 in administrative expenses and complete a 40 hour program of insurance education approved by the State.
 {¶ 8} On November 20, 2001, Appellant filed objections to the Hearing Officer's report.
 {¶ 9} On December 5, 2001, the Superintendent of Insurance issued an order confirming the Hearing Officer's findings and upholding the recommendation that Appellant not be allowed to apply for an insurance license for three years. The Superintendent rejected the Hearing officer's recommendation as to the imposition of administrative expenses.
 {¶ 10} On December 21, 2001, Appellant filed an administrative appeal of such denial to the Stark County Court of Common Pleas.
 {¶ 11} On January 15, 2002, the record and transcript of the proceedings was filed by the State.
 {¶ 12} On August 23, 2002, subsequent to the filing of briefs, the trial court held a hearing in this matter.
 {¶ 13} On October 31, 2002, the trial court affirmed the decision of the State of Ohio, Department of Insurance.
 {¶ 14} On November 18, 2002, pursuant to Appellant's request, the trial court issued a "Judgment Entry for Proposed Findings of Fact and Conclusions of Law."
 {¶ 15} It is from this decision that Appellant appeals, assigning the following errors for review."
ASSIGNMENTS OF ERROR
 {¶ 16} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT APPELLEE'S FINDINGS WERE SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE. APPELLEE'S ORDER FINDING THAT APPELLANT IS NOT SUITABLE TO OBTAIN A LICENSE TO SELL INSURANCE FOR A PERIOD OF THREE YEARS IS AN UNREASONABLE EXERCISE OF POLICE POWER."
 {¶ 17} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT FIND THAT APPELLANT'S MISTAKE IN HIS APPLICATION WAS A HARMLESS ERROR."
 {¶ 18} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE MODIFICATION OF A SANCTION BY APPELLEE WITHOUT EXPLANATION WAS NOT PREJUDICIAL ERROR."
 {¶ 19} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT APPELLEE PROPERLY CONSIDERED FACTORS IN MITIGATION."
 I. {¶ 20} In his first assignment of error, Appellant argues that the trial court erred in failing to find that that R.C. 3905.49(B)(1) requires proof that he intended to deceive the Department of Insurance when he failed to disclose his prior criminal conviction. We disagree.
 {¶ 21} The trial court may affirm the order of the administrative agency if it finds, upon consideration of the entire record and any additional evidence the court admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12.
 {¶ 22} The review conducted by the appellate court is even more limited than that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. The appellate court is to determine only if the trial court has abused its discretion.
 {¶ 23} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Absent an abuse, we may not substitute our judgment for that of the Insurance Board or the trial court.
 {¶ 24} In the instant case, the State denied Appellant's application based on his failure to disclose his 1997 criminal conviction, finding such non-disclosure to be a "misrepresentation by making a materially untrue statement" in violation of R.C. 3905.49(B).
 {¶ 25} The version of Revised Code 3905.49(B) in effect at the time provided:
 {¶ 26} "(B) The superintendent may suspend, revoke, or refuse to issue or renew any license as an agent, surety bail bond agent, surplus line broker, or limited insurance representative, or impose any other sanction authorized under this chapter, for one or more of the following reasons:
 {¶ 27} "(1) Obtaining or attempting to obtain any license or appointment through misrepresentation or fraud, including making any materially untrue statement in an application for a license or appointment;
 {¶ 28} " "
 {¶ 29} Appellant argues that the trial court should have held that the above requires a finding of "intent to deceive".
 {¶ 30} We find nothing in the statute that requires that the State find that Appellant actually "intended" to make a materially untrue statement.
 {¶ 31} We further find, upon review of the record, that Appellant, when questioned as to his answer on the application denying ever having been convicted of a crime, gave a number of different answers, those being: (1) that he skimmed the application and did not read it well enough (T. at 12), (2) that he thought the question was only asking about "minor" misdemeanors (T. at 13-14), (3) that he did not read the question at all (T. at 17), and finally, (4) his attention was divided between this application and a lengthy securities application he was completing at the same time.
 {¶ 32} We therefore find that the trial court did not abuse its discretion in upholding the decision of the Department of Insurance.
 {¶ 33} Appellant's first assignment of error is denied.
 II. {¶ 34} In his second assignment of error, Appellant argues that the error contained in the Notice of Opportunity sent to Appellant as to the degree of the misdemeanor of his previous criminal offense is reversible error. We disagree.
 {¶ 35} Appellant claims that it is unfair to treat his error in failing to disclose his criminal conviction as a "misrepresentation" while treating the Department of Insurance's error as harmless. Appellant argues the decision to deny his application was based on a "belief that he had failed to reveal a conviction of a first degree misdemeanor." (Appellant's brief at 10).
 {¶ 36} The Notice of Opportunity received by Appellant mistakenly characterized his disorderly conduct offense as a first degree misdemeanor when in fact it was a fourth degree misdemeanor.
 {¶ 37} However, the record reveals that the State correctly identified the offense as a fourth degree misdemeanor during the hearing and both the Hearing Officer and Superintendent correctly referred to same.
 {¶ 38} It therefore appears that the decision made by the State was not based on a mistaken belief that Appellant's conviction was a first degree misdemeanor.
 {¶ 39} Appellant's second assignment of error is denied.
 III. {¶ 40} In his third assignment of error, Appellant argues that the trial court erred in failing to find prejudicial error in the failure of the Superintendent to include reasons for the modification of the hearing officer's recommendations. We disagree.
 {¶ 41} The Superintendent modified the recommendations of the hearing officer by deleting the imposition of $1,500.00 in administrative costs.
 {¶ 42} The trial court found that the failure of the Department to explain its modification did not rise to level of prejudicial error because the result was the imposition of a less severe sanction.
 {¶ 43} Certainly, the imposition of additional or more severe sanctions would have required an explanation pursuant to R.C. 119.09. However, we too fail to find how the removal of the payment of these costs is prejudicial to Appellant.
 {¶ 44} Appellant's third assignment of error is denied.
 IV. {¶ 45} In his fourth and final assignment of error, Appellant argues the trial court erred in finding that the Department properly considered factors in mitigation in accordance with R.C. 3905.49(E).
 {¶ 46} Revised Code 3905.49(E) provided:
 {¶ 47} (E) The superintendent may consider the following factors in denying a license, imposing suspensions, revocations, fines, or other penalties, and issuing orders under this section: (emphasis added).
 {¶ 48} "(1) Whether the person acted in good faith;
 {¶ 49} "(2) Whether the person made restitution for any pecuniary losses suffered by other persons as a result of the person's actions;
 {¶ 50} "(3) The actual harm or potential for harm to others;
 {¶ 51} "(4) The degree of trust placed in the person by, and the vulnerability of, persons who were or could have been adversely affected by the person's actions;
 {¶ 52} "(5) Whether the person was the subject of any previous administrative actions by the superintendent
 {¶ 53} "(6) The number of individuals adversely affected by the person's acts or omissions;
 {¶ 54} "(7) Whether the person voluntarily reported the violation, and the extent of the person's cooperation and acceptance of responsibility;
 {¶ 55} "(8) Whether the person obstructed or impeded, or attempted to obstruct or impede, the superintendent's investigation;
 {¶ 56} "(9) The person's efforts to conceal the misconduct;
 {¶ 57} "(10) Remedial efforts to prevent future violations;
 {¶ 58} "(11) If the person was convicted of a criminal offense, the nature of the offense, whether the conviction was based on acts or omissions taken under any professional license, whether the offense involved the breach of a fiduciary duty, the amount of time that has passed, and the person's activities subsequent to the conviction;
 {¶ 59} "(12) Such other factors as the superintendent determines to be appropriate under the circumstances."
 {¶ 60} We find the use of the term "may" contained in R.C.3905.49(E) as opposed to "shall" is permissive rather than mandatory, allowing the Superintended to consider same at his discretion.
 {¶ 61} We further find no evidence that the Superintendent did not in fact consider mitigating factors when he decided to remove the monetary sanctions recommended by the Hearing Officer.
 {¶ 62} Additionally, the Report and Recommendations issued by the Hearing Officer specifically sets forth the mitigating elements contained in the statute and states that same were considered. By review and adoption of the Hearing Officer's Report and Recommendations, the Superintendent also considered such.
 {¶ 63} Appellant's fourth assignment of error is denied.
 {¶ 64} For the foregoing reasons, we find that the trial court did not abuse its discretion in determining that the decision of the Board was supported by reliable, probative, and substantial evidence.
 {¶ 65} The decision of the trial court is affirmed.
By: Boggins, J., Farmer, P.J. and Wise, J. concur.